1  J. CHRISTOPHER JORGENSEN, ESQ.
   STATE BAR NO. 5382
2  LEWIS AND ROCA LLP
   3993 Howard Hughes Pkwy., Ste. 600
3  Las Vegas, NV 89169
   (702) 949-8200
4  (702) 949-8398/fax

5  Attorney for Defendants

6                  UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF NEVADA

8  CHRIS DAVENPORT, an individual,          Case:  2:10-cv-01609-PMP-RJJ

9                          Plaintiff,

10      vs.                                 **OPPOSITION TO MOTION TO
                                            REMAND**
11  BANK OF AMERICA, N.A.; BAC HOME
    LOAN SERVICING LP; RECONTRUST
12  COMPANY, N.A.; MERSCORP, INC., a
    Virginia corporation; MORTGAGE
13  ELECTRONIC SYSTEMS, INC., a subsidiary
    of MERSCORP, INC., a Delaware corporation,
14  et al.,

15                         Defendants.

16
       Defendants ReconTrust Company, N.A. ("ReconTrust"), Bank of America, N.A. ("BOA"),
17
    BAC Home Loans Servicing, LP ("BAC"), MERSCORP, Inc., and Mortgage Electronic
18
    Registration Systems, Inc. ("MERS") (collectively "Defendants"), through their attorneys, Lewis
19
    and Roca LLP, submit the following Opposition to Plaintiff's Motion to Remand.  This Motion is
20
    based on the pleadings and papers on file herein, the previously filed Request for Judicial Notice
21
    ("RJN", Dkt. #6) and the following memorandum of points and authorities.
22
                  **MEMORANDUM OF POINTS AND AUTHORITIES**
23
                            **I.  INTRODUCTION**
24
       Plaintiff's Motion to Remand is misguided as he assumes that the only way to remove a
25
    case to federal court is through Federal Question Jurisdiction.  Defendants' Petition for Removal
26
    clearly states Diversity Jurisdiction exists.  Plaintiff seemingly agrees as he admits in his
27
    Complaint that "[t]his court also has jurisdiction based on diversity of citizenship."  (Compl. ¶ 6.)
28

## II.  STATEMENT OF FACTS

### A.    Plaintiff Borrowed $922,300 to Purchase the Property and Secured the Loans with Deeds of Trust

Plaintiff Chris Davenport is a serial re-financer.  In 2002, Mr. Davenport purchased the property located at 5016 N. Cimarron Road, Las Vegas, NV 89149, Parcel # 125-33-306-006.  (Compl. ¶10.)  It is difficult to determine how many times Mr. Davenport has refinanced his loan on this property.  For an unknown reason, he periodically and repeatedly transferred the property between himself and a personal trust.  It appears that he refinanced in 2003, resulting in three different loans.  (*See* Ex. A to RJN.)  In 2005, Mr. Davenport refinanced again and received two loans, a primary loan for $813,000, (*see* promissory note and deed of trust attached as Exs. B and C to RJN) and a HELOC loan for $109,300 (*see* HELOC loan agreement and deed of trust, Exs. D and E to RJN).  The deeds of trust allow the beneficiaries to implement foreclosure proceedings should Plaintiff default under the terms of the loans.  (*See* Exs. C and E to RJN.)  Specifically, the deeds of trust define MERS as the nominee beneficiary with standing to substitute a trustee.  (*Id.*)

RMS & Associates were the originating lender for both of the 2005 refinance loans.  RMS signed an Allonge to each of the notes transferring the right to payments to Countrywide (now BOA).  (*See* Exs. F and G to RJN.)  Currently, BAC Home Loans Servicing services both the loans, and is the investor (owner) of the HELOC loan.  Plaintiff stopped making payments on his loan in September of 2009.  As a result, foreclosure began.

### B.    Plaintiff's Lawsuit

Plaintiff filed this lawsuit in Nevada State Court on August 25, 2010.  It was thereafter removed to the U.S. District Court for the District of Nevada on September 20, 2010 (Case No. 2:10-cv-1609-PMP-RJJ (Dkt. # 1)).  Removal was based on Diversity.  (Dkt. #1 ¶6.)

## III.  ARGUMENT

### A.    Removal Was Based On Diversity, Not Federal Question

Defendants' Petition for Removal was timely and proper under 28 U.S.C. §1446(b) because it was filed within thirty days after Defendants became aware of the state court action and within one year from when Plaintiff commenced his state court action.

For diversity jurisdiction, two conditions must exist: (1) there must be complete diversity among the parties - that is, "each defendant must be a citizen of a different state from each plaintiff, *In re: Digimarc Corp.*, 549 F.3d 1223, 1234 (9th Cir. 2008), and (2) the amount in controversy must exceed $75,000. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). Both of these prerequisites are met in this matter.

Diversity jurisdiction under 28 U.S.C. §1332 exists because this action is between citizens of different states and/or countries and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Nevada. (Compl. ¶1.) Defendants are foreign entities. (*Id.* ¶6.) ReconTrust Company, N.A. is a national association, and has its main office in **California**.[1] BAC Home Loan Servicing, formally known as Countrywide Home Loans Servicing LP, is registered in the **Texas** as a foreign limited partnership. BAC has one limited partner and one general partner, BANA LP, LLC and BAC GP, LLC, respectively. The sole member of both BANA LP and BAC GP is Bank of America, N.A and therefore, their diversity is determined based on Bank of America, N.A.'s citizenship.[2] Bank of America, N.A. is a national association, with its main office in **North Carolina**.[3] MERSCORP is a **Virginia** Corporation. MERS is a subsidiary of MERSCORP. The amount in controversy exceeds $75,000. Plaintiff seeks to void the real estate loan contracts he signed.

This action may be properly removed to this Court under 28 U.S.C. §1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. §§1332 and 1367, and because this action was commenced within the judicial district of the United States District Court for the District of Nevada.

---

[1] National associations are citizens of their main office as stated in their articles of incorporation. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). ReconTrust, N.A. is therefore, a citizen of California. *See* National Bank List from Office of Comptroller of Currency, http://www.occ.gov/foia/foia.htm.
[2] For purposes of diversity jurisdiction, BANA LP and BAC GP are citizens of the states of Bank of America's citizenship — North Carolina. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990) (citizenship of limited partnerships is determined by their members' citizenship); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").
[3] Bank of America, N.A., being a national association, is a citizen of North Carolina. *See* National Bank List from Office of Comptroller of Currency, http://www.occ.gov/foia/foia.htm.

**B.     All Parties Have Consented To Removal**

Generally, all defendants must join in a removal petition in order to effect removal. *Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir.1982); *Padden v. Gallaher*, 513 F. Supp. 770, 771 (E.D. Wis.1981).  Unanimity among the defendants must be expressed to the Court "within thirty days after the receipt by the defendant ... of the copy of the initial pleading" containing the removable claim.  28 U.S.C. § 1446(b).  This thirty-day time limitation is not jurisdictional and may be waived.  *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir.1988).

Here, Defendants have all joined in the removal within thirty (30) days.[4]  Plaintiff's Complaint was filed on August 25, 2010 and MERS was served on August 31, 2010.  (*See* Petition for Removal, Dkt. # 1.)  All Defendants collectively filed the Petition for Removal on September 20, 2010.  (*Id.*)  As such, all of the Defendants have consented to the removal of this action to federal court within the prescribed time.

**C.     Plaintiff's Reliance On The *Production Stamping* Case Is Misplaced**

Plaintiff cites to *Production Stamping Corp. v. Maryland Cas. Co.*  829 F. Supp. 1074 (E.D. Wis. 1993).  Plaintiff's reliance on *Production Stamping* is misplaced because unlike in *Production Stamping* counsel for each served co-party in this suit has expressly consented to the petition for removal.  Also, *Production Stamping* is inapplicable because it is not the standard in the Ninth Circuit.

Production Stamping filed an action in Milwaukee County Circuit Court on January 19, 1993.  *Id.* at 1075.  On February 3, 1993, Maryland removed the action to federal court based upon the Court's diversity jurisdiction.  *Id*  The removal petition, while lacking a separate signature from Northbrook or its counsel, contained the following assertion: *That with the consent and agreement of defendant Northbrook Property and Casualty Company, Maryland Casualty Company files this Notice of Removal. Id.* (emphasis added).

Production  Stamping thereafter brought a motion to remand contending that Northbrook never consented to Maryland's petition for removal because the assertion was insufficient for

---

[4] *See* 28 U.S.C. § 1446

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

1   joinder. *Id.* The District Court agreed, finding that one party or its attorney could not consent to

2   removal on behalf of another represented co-party without the co-party's express consent. In

3   reaching its conclusion, the court reasoned that, "[T]o allow one party, through counsel, to bind or

4   represent the position of other parties without their express consent to be so bound would have

5   serious adverse repercussions, not only in removal situations but in any incident of litigation." *Id.*

6   at 1077. As such, "[r]equiring an independent statement of consent from each defendant ensures

7   that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the

8   serious step of wrestling jurisdiction from another sovereign." *Id.*

9          In the present case, unlike Northbrook's counsel in the *Production Stamping*, counsel for

10   the co-parties to this action has expressly consented to removal. The petition for removal states

11   that all the Defendants - ReconTrust, BOA, BAC, and MERS - are removing the case and the

12   petition itself is signed by the Defendants' attorney of record, Chris Jorgensen. (*See* Dkt. # 1.)

13   *Production Stamping* has no applicability to the present case.

14          Moreover, Plaintiff ignores the fact that *Production Stamping* does not reflect the standard

15   under this Circuit for determining the necessary method for communicating co-defendants' joinder

16   to removal. *See Proctor v. Vishay Intertechnology, Inc,* 584 F.3d 1208, 1225 (9th Cir. 2009) ("the

17   filing of a notice of removal can be effective without individual consent documents on behalf of

18   each defendant.").

19   . . .

20   . . .

21   . . .

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

1

## IV.  CONCLUSION

2          For the aforementioned reasons, Defendants ask this Court to deny Plaintiff's Motion to

3   Remand.

4          DATED this 2 0 day of October, 2010.

5                                              LEWIS AND ROCA LLP

6
                                               By _____
7                                                   J. CHRISTOPHER JORGENSEN, ESQ.
                                                    3993 Howard Hughes Pkwy., Ste. 600
8                                                   Las Vegas, NV  89169
                                                    Attorney for Defendants
9

10

11

12                               CERTIFICATE OF SERVICE

13          I hereby certify that service of the foregoing document was made on the 2 0 day of
14   October 2010 by depositing a copy for mailing, first class mail, postage prepaid, at Las Vegas,
     Nevada, to the following:
15

16   Chris Davenport
     5016 N. Cimarron Road
17   Las Vegas, NV 89149
     Pro se Plaintiff
18

19
                                               _____
20                                             an employee of Lewis and Roca LLP

21

22

23

24

25

26

27

28