J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
(702) 949-8200
(702) 949-8398/fax

Attorney for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHRIS DAVENPORT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; BAC HOME LOAN SERVICING LP; RECONTRUST COMPANY, N.A.; MERSCORP, INC., a Virginia corporation; MORTGAGE ELECTRONIC SYSTEMS, INC., a subsidiary of MERSCORP, INC., a Delaware corporation, et al.,<br><br>Defendants. | Case:  2:10-cv-01609-PMP-RJJ<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

Plaintiff does not meaningfully respond to one word in Defendants' Motion to Dismiss. In their Motion to Dismiss (Dkt. #5), Defendants explained why Plaintiff's claims are legally deficient and should be dismissed. In his Response (Dkt. #17), Plaintiff ignores Defendants' arguments and instead responds with rhetoric about the global economy and a ruined American dream. Of course, this should be expected from a cookie-cutter pleading. (*See* almost identical response filed in *D'Haenens v. Bank of Amerca, N.A.*, 2:10-cv-00570-GMN-LRL, Dkt. #27.)

Implicitly acknowledging that his rhetoric is not sufficient to defeat dismissal, Plaintiff asks the Court to tell him what is wrong with his Complaint so that he can fix it, or to let him conduct discovery to find facts that would support a Complaint. Discovery, however, is designed to assist a party prove a claim he reasonably believes is viable, not as a license to go fishing.

Not surprisingly, nothing in Plaintiff's Response fixes or addresses the fundamental flaws plaguing his claims. For the reasons set forth below and the reasons set out in their Motion to Dismiss, Defendants request that the Court dismiss Plaintiff's Complaint, with prejudice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Suspicion And Guesses Do Not A Lawsuit Make: The Court Should Not Let Plaintiff Use Discovery To See If He Has A Claim.

Plaintiff asks that the motion to dismiss be denied until discovery can take place. (Resp. pp.3-4.) More specifically, he states:

- Until the parties are allowed to proceed through discovery, and until the parties have the entire "<u>true</u>" file (the documents defendant provided may or may not be the entire documents), complete audit of the violations and the determination of the remedies for each violation are prejudicially unknown.

- The defendants are not differentiated in the Complaint, as of now, before discovery, we are unaware of what defendant is responsible for what, and, as it is alleged in Plaintiff's complaint (see general allegations), that the defendants acted in concert.

(Resp. p. 4 ln. 1-7.)

As these examples demonstrate, Plaintiff wants to conduct discovery in order to determine whether he has any claims and to determine "what defendant is responsible for what." (*Id.*) That, however, is not allowed, as confirmed by the Supreme Court's recent *Ashcroft v. Iqbal*, decision: "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 129 S. Ct. 1937, 1250 (2009); *see also*, *Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 299 (3d Cir. 1996) ("[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action."); *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir. 1994) (stating plaintiff's attempt to seek discovery to find out if it has a claim "is decidedly not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure."); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) ("discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim").

## II. Plaintiff Never Identifies How His Complaint Meets Rule 8's Requirements – (It Doesn't).

Perhaps because his allegations are based on speculations and conspiracy theories, Plaintiff never explains with any specificity, how or what factual allegations in his Complaint are sufficient to state a claim. Indeed, in his one line response, Plaintiff concludes without explanation or

support that he "has pled basic and specific facts for causes of action, and pled the specific matters, where needed, with the requisite particularity." (Resp. p. 5, ln. 26-28.)

It is no surprise that Plaintiff's Response, like his Complaint, lacks the details necessary to overcome the Rule 8 obstacles.

### III. Plaintiff Suggests that The Court Should Review His Complaint to Identify What Plaintiff Needs to Fix. This Is Not the Court's Role.

Plaintiff also suggests that rather than dismiss his Complaint, the Court should review the Complaint and just tell him what is wrong with it, so he can go back and add more detail. (Resp. p.6 ln.1-6; p.7 ln.7-8.) The Court, of course, is under no obligation to do so. *See Indep. Towers of Wash v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("judges are not like pigs, hunting for truffles buried in briefs" (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

### IV. Ultimately, Plaintiff Fails To Respond To One Word In The Motion To Dismiss.

This Court treats a failure to respond to an argument as a concession of error. *See, e.g., Edward & Marjorie Austin Unitrust v. U.S. Mortg. Co.*, 92007 WL 2886036, *1 (D. Nev. 2007); *Galipo v. City of Las Vegas*, 2007 WL 1381774, *5 (D. Nev. 2007) (interpreting local rule 7.2(d)); *S. Nev. Shell Dealers Ass'n v. Shell Oil Co.*, 725 F. Supp. 1104, 1109 (D. Nev. 1989).

In the present case, Plaintiff's ***only*** response to the motion to dismiss is to "make a universal objection to each and every argument of the Defendant's Demurrer …" (Resp. p.2 ln.18-21.) He does not elaborate or explain any further. In effect, Plaintiff makes no effort to respond to any of the arguments Defendants made in their motion to dismiss, summarized below:

> **(1) Unfair Lending Practices--NRS §598(D).** In Nevada, civil claims based on liability created by a statute must be filed within three years. NRS §11.190(3)(a). Here, Plaintiff alleges violations of a statute over three years after the alleged violations took place. Plaintiff's loans originated in February, 2005. Plaintiff filed his Complaint on August 25, 2010, more than three years after the loan was originated. Moreover, Plaintiff fails to allege any facts necessary to show applicability of the Unfair Lending Practices Act to BAC or any other defendant. Similarly, he does not allege facts necessary to show any violations under the statute. Rather, Plaintiff bases his claim under a 2007 version of the statute that did not apply to his loan because the loan originated in 2005. For these reasons, Plaintiff's first cause of action fails to state a claim.
>
> **(2) Deceptive Trade Practices.** Plaintiff's claim for Deceptive Trade Practices appears to actually be a claim for RESPA violations concerning the servicing of the subject loan. Such claims are subject to a one year statute of limitations. Plaintiff's claims of deceptive trade practices act fail because the statutory provisions cited to by Plaintiff (NRS §598) apply only to the sale of goods and services, not mortgage loans, and also because Plaintiff

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

does not plead fraud with the particularity required by the Federal Rule of Civil Procedure 9(b). Additionally, Plaintiff's claim is without merit because it appears that he is contesting receipt of the Notice of Servicing. However, attached to our Request for Judicial Notice is the Notice, which Plaintiff received and signed on February 4, 2005.

**(3) Wrongful Foreclosure.** Plaintiff executed Deeds of Trust in connection with the financing of his property. MERS' identity as beneficiary under the deeds of trust was explicitly provided to Plaintiff. By signing the deeds of trust, Plaintiff specifically acknowledged MERS' authority to foreclose. Moreover, this Court has repeatedly affirmed MERS' authority to foreclose. *See Gomez v. Countrywide Home Loans, Inc. et al*. Case No.:2:09-cv-01489-RCJ-LRL (Exhibit J to RJN, Dkt. 6). Lastly, given that Plaintiff has not made or alleged a full tender of the amount due, Nevada law forbids this action from proceeding.

**(4) Conspiracy to Commit Fraud and Conversion; and (5) Conspiracy to Commit Fraud Related to MERS System.** First, Plaintiff's fraud claims are time barred. In Nevada, fraud claims have a three year statute of limitations. Here, the loans originated over five years before Plaintiff filed his Complaint. Second, Plaintiff's fraud claims are not pled with the particularity required by Federal Rule of Civil Procedure 9(b). Plaintiff makes generalized allegations about the mortgage industry, but fails to include averments to time, place, manner, content, and identity of persons allegedly committing a specific fraud against Plaintiff. Third, MERS' relationship as nominee beneficiary, along with its right to institute foreclosure proceedings is clearly disclosed in the deed of trust, which Plaintiff himself signed. Significantly, Plaintiff has no explanation for his signature attesting that he received all of the required disclosures under the law. Plaintiff received the loan that he signed for. Lastly, Courts have repeatedly rejected the notion that the MERS system commits a fraud upon Plaintiff.

**(6) Inspection and Accounting.** This claim is a remedy and not a recognized cause of action in the State of Nevada.

**(7) Unjust Enrichment.** Under Nevada law, a party may not maintain a claim for unjust enrichment where a valid and enforceable contract exists. This Court has repeatedly dismissed similar claims.

**(8) Quiet Title.** It is impossible for Plaintiff to sue for quiet title when he admits that he encumbered the property and has not made his required mortgage payments. He does not come to the Court with clean hands.

**(9) Breach of Implied Duty of Good Faith and Fair Dealing.** Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails *as a matter of law* because Plaintiff neglects to plead that a special relationship or fiduciary duty existed between Defendants and him. Nor does one exist. Even assuming Plaintiff alleged such facts, his claim still fails because all of Plaintiff's alleged breaches occurred prior to any contract between Defendants and Plaintiff. Furthermore, Plaintiff's assertions of fact are simply wrong as Plaintiff was given an opportunity for mediation.

**(10) and (11)   Injunctive Relief and Declaratory Relief.** Injunctive relief is a remedy, not a cause of action. Furthermore, Plaintiff's injunctive relief claim fails because he cannot show a likelihood of success where each of his claims fails as a matter of law. Plaintiff's declaratory relief is also unnecessarily duplicative of other claims. Moreover, Plaintiff attempts to use declaratory relief as a tool to rewrite the deed of trust. Furthermore, Plaintiff is not entitled to equitable relief when he has not submitted a bond or paid his mortgage.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

**(12) Rescission.** The right to rescind is codified at 15 U.S.C. § 1635(a), and has a statute of limitations which expired before Plaintiff filed his Complaint. The statute unambiguously states that "an obligor's right of rescission shall expire ***three years after the date of consummation*** of the transaction or upon the sale of the property, whichever occurs first." *See* 15 U.S.C. § 1635(f). Even if Plaintiff's claim did not expire, the claim fails for failure to offer tender of the full amount owed, thus barring Plaintiff's ground for rescission.

Plaintiff's failure to respond to any of these arguments should be treated as a concession of error and the Court should grant Defendants' motion to dismiss. *See Edward & Marjorie Austin Unitrust*, 2007 WL 2886036 at 1 fn.1; *Galipo*, 2007 WL 1381774 at 5; *S. Nev. Shell Dealers Ass'n*, 725 F. Supp. at 1109.

## V.     The Court Should Not Grant the Plaintiff Leave to Amend Because It Is Futile.

As noted, Plaintiff contends in his Response that the Court should review the Complaint and just tell him what is wrong with it, so he can go back, amend it, and add more detail. (Resp. p.7 ln. 7-8.) However, Plaintiff has given no indication that an amendment would cure his defectively plead Complaint. In fact, Plaintiff has proven time and time again that he is content on using cookie-cutter pleadings, which are so vague and conclusory that they are summarily dismissed. (*See* Exs. H-L to RJN, Dkt. #6.) These pleadings only purpose, it seems, is to allow Plaintiff to delay Defendants from exercising their rights under the deed of trust to foreclose.

As such, Defendant respectfully request that Plaintiff's request for leave to amend should be denied as futile. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting leave to amend can be denied where amendment would be "futil[e] for lack of merit" in the claim to be added, (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

## CONCLUSION

Based on the foregoing, Defendants request dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6).

DATED this 22nd day of October, 2010.

LEWIS AND ROCA LLP

By _____
J. CHRISTOPHER JORGENSEN, ESQ.
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made on the 22 day of October 2010 by depositing a copy for mailing, first class mail, postage prepaid, to the following:

Chris Davenport
5016 N. Cimarron Road
Las Vegas, NV 89149
Pro se Plaintiff

_____
an employee of Lewis and Roca LLP